IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CECIL CHARLES CASEL, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-244-Y |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| GREG ABBOTT, Attorney General, | § | |
| the State of Texas, and | § | |
| NATHANIEL QUARTERMAN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

---

[1] At the time this petition was filed, Casel was incarcerated in the Tarrant County jail in Fort Worth, Texas. Casel has been transferred to the Ware facility of the Texas Department of Criminal Justice, Institutional Division, in Colorado City, Texas. As such, Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, and Casel's immediate custodian, should be added as a Respondent. The clerk of Court is directed to docket and change the designation of the Respondent accordingly and to serve electronically a copy of the pleadings filed herein upon the Texas Attorney General, counsel for Quarterman, directed to the attention of Elizabeth Goettert, Assistant Attorney General, Postconviction Litigation Division, P. O. Box 12548, Austin, TX 78711-2548. *See* FED. R. CIV. P. 5(b)(2)(D).

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Cecil Charles Casel, TDCJ-ID #01515937, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Colorado City, Texas.

Respondents are Dee Anderson, Sheriff of Tarrant County, Texas, Greg Abbott, Attorney General of the State of Texas, and Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In 2004, Casel, a repeat offender, was charged with unlawful possession of a firearm by a felon in Cause No. 0923863D in the 213th District Court of Tarrant County, Texas. (Clerk's R. at 3, 106) On August 25, 2005, a jury found him guilty of the offense and assessed his punishment at five years' confinement and a $1,000 fine. (*Id.* at 106) Casel appealed his conviction, but the Court of Appeals for the Seventh District of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Casel v. Texas*, No. 07-05-409-CR, slip op. (Tex. App.–Amarillo Mar. 20, 2007); *Casel v. Texas*, PDR No. 573-07. This federal petition for writ of habeas corpus followed

D. ISSUES

In one ground, Casel challenges the legal and factual sufficiency of the evidence to support his conviction. (Petition at 7)

E. RULE 5 STATEMENT

It appears Casel has exhausted his claims as required by 28 U.S.C. § 2254(b)-(c).

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)

## 2. Sufficiency of the Evidence

Casel claims there was legally and factually insufficient evidence that he committed the offense. A factual insufficiency claim is not cognizable on federal habeas corpus review. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). In challenges to state convictions under § 2254, only the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979), need be

satisfied. Under this standard, a federal court must consider whether, viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt. *Id.* Direct and circumstantial evidence adduced at trial, as well as all inferences reasonably drawn from it, is viewed in the light most favorable to the verdict. *See United States v. Sanchez,* 961 F.2d 1169, 1173 (5th Cir. 1992). The jury is the final arbiter of the weight of the evidence and of the credibility of witnesses. *United States v. Barksdale-Contreras,* 972 F.2d 111, 114 (5th Cir. 1992).

At trial, Fort Worth Police Officer J. Grow testified that he was walking the parking lot checking vehicles at the Amarillo Spot, a bar and restaurant on the east side of Fort Worth, in the early morning hours of February 27, 2004, when he observed a partially hidden handgun on the driver's side floorboard of a gold, four-door Cadillac. (Reporter's R., vol. 4, at 16-17) He maintained surveillance of the Cadillac until his shift ended, at which point Officer Brian Clark resumed surveillance. (*Id.* at 21-23) At about 4:20 a.m., the Cadillac left the bar, and Officer Clark and other officers initiated a felony traffic stop. (*Id.* at 32-34) The officers ordered Casel, the lone occupant, to get out of the car at gunpoint, and he was taken into custody. (*Id.* at 34-35) Officer Clark then took possession of the handgun, which was loaded and proven to be stolen. (*Id.* at 38-39) He also checked and confirmed that Casel was a convicted felon. (*Id.* at 40)

For the defense, Destiny Wideman, a friend of Casel's, testified that she borrowed the car the day before Casel's arrest to go job hunting. (*Id*. at 51-53) She had the gun in her purse, which she had purchased several days earlier for $60 to protect her family. She put the gun under the driver's seat when she went to apply for a job. (*Id.* at 53) Later, she returned the car to the Amarillo Spot, where Casel worked, forgetting to retrieve the gun from under the driver's seat. (*Id.* at 54)

4

Wideman stated that she did not know how to use the handgun or how to load or unload the gun. She further stated that she never showed the gun to Casel and that he was unaware she owned the gun. Prior to trial, Wideman had executed an affidavit testifying similarly. (Reporter's R., vol. 6, Defendant's Exhibit 2) On the morning of trial, Wideman was arrested on outstanding traffic tickets, and Casel and his attorney bonded her out of jail and paid her traffic tickets so she could be present to testify. (*Id.* at 57, 68)

Under state law, a person who has been convicted of a felony commits an offense if he intentionally or knowingly possesses a firearm at any location other than the premises at which the person lives. TEX. PENAL CODE ANN. § 46.04(a) (Vernon Supp. 2008). Possession means actual care, custody, control, or management of the weapon. (Clerk's R. at 84) *Casel*, No. 07-05-0409-CR, slip copy at 3. The sufficiency of the evidence in such a case is analyzed by the rules adopted in possession of controlled substance cases. *Id.* Proof may be either direct or circumstantial, but must establish that the accused's connection with the weapon was more than just fortuitous. *Id.* The mere presence of the accused at the location of the weapon is insufficient, by itself, to establish the required care, custody and control over it. *Id*. at 3-4. Instead, the state must demonstrate that, in addition to the presence or proximity of the accused to the weapon, there are other factors that would establish the accused's connection sufficiently to prove the required elements of knowingly possessing the weapon. *Id.* Some of those factors include: (1) the contraband was in a car driven by Casel; (2) the contraband was in a place owned by Casel; (3) the contraband was conveniently accessible to Casel; (4) the contraband was in plain view; and (5) the contraband was found in an enclosed space. *Id.* at 4.

In light of the evidence, the state appellate court concluded that the evidence was legally

sufficient. In turn, the Texas Court of Criminal Appeals also rejected Casel's sufficiency claim by refusing his petition for discretionary review. This was an adjudication regarding the merits of the claim. Having conducted an independent inquiry as to sufficiency under the *Jackson* standard, the state courts' disposition of the legal sufficiency-of-the-evidence claim appears consistent with *Jackson*.

## II. RECOMMENDATION

Casel's petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 27, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 27, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 6, 2009.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE